UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANY ARMANDO SIQUIBACH MEDINA,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-00595-DAD-SCR

ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT

(Doc. No. 9)

This matter is before the court on petitioner's motion to enforce judgment.  (Doc. No. 9.) For the reasons explained below, petitioner's motion will be denied.

On March 3, 2026, the court issued an order directing respondents to provide petitioner with an individualized bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  (Doc. No. 8.)  On March 15, 2026, an IJ issued an order indicating that a bond hearing "was heard pursuant to the Order of the U.S. District Court, Eastern District of California, dated March 3, 2026."  (Doc. No. 11-1 at 5.)  Ultimately, the IJ concluded that petitioner presents a flight risk and denied him release on bond.  (*Id.* at 4.)

On March 23, 2026, petitioner filed a motion to enforce judgment seeking his immediate release from respondent's custody.  (Doc. No. 9.)  He contends therein that he was not given advanced notice of the bond hearing to allow him to properly prepare for it, the IJ erroneously

1

shifted the burden of proof, and the IJ failed to properly consider the circumstances surrounding petitioner's case thereby denying him of an individualized assessment.  (*Id.* at 1–4.)  Petitioner further argues that, while he has appealed the IJ's decision to the BIA, administrative exhaustion should be waived because his BIA appeal could take months or years.  (*Id.* at 4.)  In opposition, respondents contend that petitioner was provided sufficient advanced notice of the bond hearing, the IJ did not apply the incorrect legal standard, the IJ specifically discussed petitioner's personal circumstances in making the flight risk determination, and that petitioner should be required to exhaust his administrative remedies and await a decision from the BIA before turning to this court for further relief.  (Doc. No. 11 at 1–4.)

Here, petitioner largely challenges the IJ's findings of fact and allocation of the burden of proof.[1]  Under these circumstances, the court finds instructive its prior order *Singh v. Bondi*, No. 1:26-cv-00789-DAD-CKD (HC), 2026 WL 849853, at *2 (E.D. Cal. Mar. 27, 2026), where the court concluded that the petitioner who was "arguing that the IJ failed to apply the proper legal standard and failed to appropriately consider the evidence at the bond hearing" was required to exhaust his administrative remedies.  Accordingly, for the reasons explained in *Singh*, the court concludes that petitioner must exhaust his administrative remedies.

For the reasons stated above,

1.  Petitioner's motion to enforce (Doc. No. 9) is DENIED; and

2.  This case remains referred to the assigned magistrate judge for further proceedings on the pending petition for federal *habeas* relief.

IT IS SO ORDERED.

Dated:    **April 2, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  As to petitioner's argument that he was provided no advanced notice of the bond hearing, respondents have submitted a document titled "Notice of Custody Redetermination Hearing in Immigration Proceedings" that is addressed to petitioner, dated March 9, 2026, and states that a hearing in his case is scheduled for March 13, 2026.  (Doc. No. 11-1 at 7.)  Accordingly, the court finds that petitioner's argument regarding inadequate notice lacks merit.  *Idiev v. Warden*, No. 1:25-cv-01030-SKO (HC), 2026 WL 760218, at *3 (E.D. Cal. Mar. 18, 2026).

2