

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANY ARMANDO SIQUIBACH MEDINA,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-00595-DAD-SCR (HC)

ORDER DENYING MOTION TO ENFORCE JUDGMENT

(Doc. No. 19)

On May 27, 2026, petitioner, proceeding *pro se*, filed a second motion to enforce judgment.  (Doc. No. 19.)  However, a review of the docket reveals that the assigned magistrate judge appointed counsel for petitioner on April 28, 2026 and petitioner is currently represented by attorney Timothy P. Hennessy in this action.  (Doc. Nos. 15, 16.)  *Pro se* filings by a represented party are improper. *See Riel v. Warden, San Quentin State Prison*, No. 2:01-cv-00507-MCE-DB, 2023 WL 2413825, at *1 (E.D. Cal. Mar. 8, 2023); *United States v. Brayshaw*, No. 2:14-mc-

/////

/////

/////

/////

/////

1

00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions").[1]

Accordingly, the court DENIES the *pro se* motion to enforce judgment (Doc. No. 19) without prejudice to its renewal by way of a properly filed motion by counsel on behalf of petitioner.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  The court observes that in appointing counsel, the magistrate judge also set a schedule for petitioner's filing of an amended petition for writ of *habeas corpus*, respondents filing of an answer or return, and petitioner's filing of a reply.  (Doc. No. 15.)  However, on May 27, 2026, the magistrate judge reset that schedule because the parties failed to file anything in accordance with the court's order.  (Doc. No. 18.)  Counsel's failure to comply with court orders so shortly after his appointment is concerning and the court emphasizes the magistrate judge's admonishment directed to counsel to read all orders issued by the court.

2